

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

Lee D. Vartan
*Assistant United States Attorney*

970 Broad Street, Suite 700
Newark, NJ 07102

(973) 645-2762
Facsimile (973) 645-2857

RECEIVED
DEC 29 2008
COHN, LIFLAND, PEARLMAN,
HERRMANN & KNOPF, LLP

RECEIVED
NOV 28 2008
COHN, LIFLAND, PEARLMAN,
HERRMANN & KNOPF, LLP

November 25, 2008

Joshua P. Cohn, Esq.
Cohn Lifland Pearlman Herrmann & Knopf LLP
Park 80 Plaza West-One
Saddle Brook, New Jersey 07663

Re: <u>Plea Agreement with Thomas Asare</u>

Dear Mr. Cohn:      CR-09-3701 (FLW)

      This letter sets forth the plea agreement between your client, Thomas Asare, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Thomas Asare to a one-count information, which charges Thomas Asare with knowingly and with intent to defraud conspiring and agreeing with others to produce, use, and traffic in one or more counterfeit access devices affecting interstate and foreign commerce, contrary to Title 18, United States Code, Section 1029(a)(1), in violation of 18 U.S.C. § 1029(b)(2). If Thomas Asare enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Thomas Asare for knowingly and with intent to defraud conspiring and agreeing with others to produce, use, and traffic in one or more counterfeit access devices affecting interstate and foreign commerce, contrary to Title 18, United States Code, Section 1029(a)(1), in violation of 18 U.S.C. § 1029(b)(2), from in or about July 2007 through in or about January 2008. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Thomas Asare may be commenced against him, notwithstanding the expiration of the limitations period after Thomas Asare signs the agreement.

<u>Sentencing</u>

      The violation of 18 U.S.C. § 1029(b)(2) to which Thomas Asare agrees to plead guilty carries a statutory maximum prison sentence of 5 years and a statutory maximum fine

equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Thomas Asare is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Thomas Asare ultimately will receive.

Further, in addition to imposing any other penalty on Thomas Asare, the sentencing judge: (1) will order Thomas Asare to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Thomas Asare to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Thomas Asare, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) must order forfeiture pursuant to 18 U.S.C. § 982 and 18 U.S.C. § 1029(c)(1)(C); and (5) pursuant to 18 U.S.C. § 3583, may require Thomas Asare to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Thomas Asare be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Thomas Asare may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, Thomas Asare agrees to make full restitution for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense, to victims and in the amounts determined by the United States Postal Inspection Service, not to exceed $2~~00,000~~. *$120,000* ~~TA~~-4/27/09   JPK 4/27/09

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Thomas Asare by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Thomas Asare's activities and relevant conduct with respect to this case.

Stipulations

This Office and Thomas Asare agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Thomas Asare from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Thomas Asare waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Thomas Asare. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil proceeding against Thomas Asare.

## No Other Promises

This agreement constitutes the plea agreement between Thomas Asare and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CHRISTOPHER J. CHRISTIE
United States Attorney

By: Lee D. Vartan
Assistant U.S. Attorney

APPROVED:

Joseph N. Minish, Chief
Public Protection Unit

I have received this letter from my attorney, Joshua Cohn, Esq., I have read it, and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:

_____  Date: 12-26-08
Thomas Asare

_____  Date: 12/30/08
Joshua Cohn, Esq.

## Plea Agreement With Thomas Asare

### Schedule A

1. This Office and Thomas Asare recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Thomas Asare nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Thomas Asare within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Thomas Asare further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2008 applies in this case. The applicable guideline is U.S.S.G. § 2B1.1(a)(2). This guideline carries a Base Offense Level of 6.

3. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(E) applies in that the total loss associated with the offense was more than $70,000, but not more than $120,000. This Specific Offense Characteristic results in an increase of 8 levels.

4. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(2)(C) applies in that the offense involved 250 or more victims. This Specific Offense Characteristic results in an increase of 6 levels.

5. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(10)(B) applies in that the offense involved the production and trafficking of unauthorized and counterfeit access devices. This Specific Offense Characteristic results in an increase of 2 levels.

6. Thomas Asare was a minor participant in the relevant criminal activity, pursuant to U.S.S.G. § 3B1.2(b). This results in a decrease of 2 levels.

7. As of the date of this letter, Thomas Asare has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Thomas Asare's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

8. As of the date of this letter, Thomas Asare has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. If Thomas Asare enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition Thomas Asare's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, Thomas

Asare will be entitled to a further 1-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b).

9. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Thomas Asare is 17 (the "agreed total Guidelines offense level").

10. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 17 is reasonable.

11. Thomas Asare knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 17. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 17. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

12. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.